United States District Court
Southern District of Texas

**ENTERED**

February 14, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL CAREY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 16-cv-1638 |
| | § | |
| LONE STAR COLLEGE SYSTEM, | § | |
| STEPHEN HEAD, SHELLEY | § | |
| CARAWAY, KATHERINE PERSSON, | § | |
| And REBECCA RILEY, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS

Pending before the Court is Defendants' Stephen Head, Shelley Caraway, Katherine Persson, and Rebecca Riley (collectively "the Individual Defendants") Motion to Dismiss. [Doc. 14]. In his amended complaint, Plaintiff alleges gender and race discrimination as wells as retaliation against his former employer, Lone Star College System ("Lone Star"), and four of its employees, the Individual Defendants. [Doc. 12]. United States District Judge Keith P. Ellison referred the motion to dismiss for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Doc. 21].

## I.      BACKGROUND

### A.      Factual Background

Plaintiff is an African-American man. In August 2011, Lone Star hired Plaintiff as an Assistant Professor of Education at its Kingwood campus. [Doc. 12 ¶ 13]. When he was hired, Plaintiff observed that Lone Star had an unbalanced racial makeup with less than ten percent African-American full-time faculty and high-level administrators. *Id.* ¶ 13. Plaintiff also alleges

that the administration at Lone Star's Kingwood campus favored female professors over male professors. *Id.* ¶ 14. For example, a full-time female English professor, Brenda Stubbs ("Stubbs"), was promoted to Lead Faculty and Department Chair. Plaintiff claims he was more qualified and was never approached for the position. *Id.* ¶ 15. Plaintiff also claims that he was not given the same opportunities as female professors. For example, in the spring of 2014, another female psychology professor was assigned to teach a psychology class instead of Plaintiff. *Id.* ¶¶ 17-18.

In June 2013, Defendant Shelley Caraway ("Caraway") was hired as Dean for Lone Star's Kingwood campus. *Id.* ¶ 16. Plaintiff alleges that Caraway conspired with Stubbs to force Plaintiff out of the college and began to harass and discriminate against Plaintiff based on his race and sex. *Id.* Specifically, Plaintiff claims the following: on February 17, 2014, Caraway overly scrutinized his work and gave him a "C" rating based on a short and incomplete in-class evaluation; on February 27, 2014, Caraway falsely accused Plaintiff of misconduct and placed him on a Performance Improvement Plan ("PIP") despite the fact that he had excellent reviews in the past; and throughout 2014, Caraway did not assist Plaintiff implement the PIP, as she had promised him she would. *Id.* ¶¶ 19-21, 24.

Plaintiff brought his complaint to Becky Landry, a Human Resources Officer at Lone Star Kingwood. He also sent emails to two human resources representatives, Defendants Katherine Persson ("Persson") and Rebecca Riley ("Riley"), requesting an investigation into his claims of race and gender discrimination. *Id* ¶ 22. Shortly thereafter, Lone Star apparently opened an investigation. Plaintiff alleges that attorneys for Lone Star interviewed him and dismissed his allegations within weeks. *Id.*

Plaintiff alleges that Caraway continued to verbally harass him. With the support of

Defendant Stephen Head ("Head"), the Chancellor of Lone Star College System, Persson, and Riley, Caraway had Plaintiff terminated based on his race, gender, and in retaliation for his complaints of discrimination. *Id.* ¶¶ 34, 40. On February 26, 2015, Plaintiff was told that his contract would not be renewed and he was summarily terminated. The police then escorted him out of the building. *Id.* ¶ 25.

## B.   Procedural Background

Plaintiff alleges three causes of action in his amended complaint: (1) discrimination based on his race and sex under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.051, against the Individual Defendants, in their official capacities as agents and officials of Lone Star; (2) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3, and the TCHRA, Tex. Lab. Code Ann. § 21.055, against Lone Star, as well as the Individual Defendants, in their official capacities; and (3) gender and racial discrimination in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Lone Star and the Individual Defendants, in their individual capacities. [Doc. 12].

The Individual Defendants filed a motion to dismiss. [Doc. 14]. Plaintiff filed a response. [Doc. 15]. Defendants then filed a reply. [Doc. 16]. Without seeking leave as required under Judge Ellison's rules, Plaintiff filed a sur-reply, [Doc. 20].

## II.   LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Int'l v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010)

3

(Atlas, J.). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the pleaded factual contents allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.,* 681 F.3d 215, 219 (5th Cir. 2012). A complaint is insufficient if it offers only "labels and conclusions, [and] a formulaic recitation of the elements of a cause of action." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted)).

The ultimate question "is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 590 (S.D. Tex. 2012) (Ellison, J.). The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Id.* (citing *Iqbal*, 556 U.S. at 678).

### III.    ANALYSIS

The Individual Defendants make three arguments in support of their motion to dismiss: first, that it would be duplicative to name both the Individual Defendants and Lone Star as Defendants in Plaintiff's discrimination and retaliation claims; second, that Plaintiff has failed to file his § 1983 cause of action within the applicable statute of limitations; and third, that the Individual Defendants are entitled to qualified immunity on Plaintiff's § 1983 claim. [Doc. 14].

4

In addition to Defendant's arguments, the Court *sua sponte* identifies deficiencies in the amended complaint. [Doc. 12].[1] The Court will address the limitations argument first because certain claims are time-barred and need not be discussed further.

### A. The Applicable Statute of Limitations Bars All Claims Except Termination

The Individual Defendants move to dismiss Plaintiff's § 1983 gender and race discrimination claim on the ground that Plaintiff has failed to file it within the two-year statute of limitations. The Court first *sua sponte* examines whether Plaintiff's Title VII and TCHRA claims were timely filed.

### 1. The Title VII and TCHRA claims, except termination, are time- barred

A plaintiff must bring his Title VII claim within ninety days of receiving an EEOC right-to-sue letter. *Harris*, 628 F.3d at 239 (citing 42 U.S.C. § 2000e–5(f)(1)). Plaintiff timely filed his lawsuit within the ninety day window; however, to determine which of his claims are timely, the issue here is when Plaintiff filed his charge with the EEOC.

A charge with the EEOC is timely when filed "within 180 days after the alleged unlawful discriminatory practice," unless the complainant has "instituted proceedings with a state or local agency with authority to grant or seek relief from such practice," then the charge must be filed "within 300 days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e)(1). The qualifying state agency in Texas is the Texas Workforce Commission ("TWC"). *Jones v. FJC Sec. Servs., Inc.*, 40 F. Supp. 3d 840, 848 (S.D. Tex. 2014) (Harmon, J.), *aff'd*, 612 F. App'x 201 (5th Cir. 2015). Under an agreement between the EEOC and the TWC,

---

[1] The Court "is authorized to consider the sufficiency of the complaint on its own initiative." *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (quoting *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991)); *see also De La Cruz v. Hernandez*, No. M:03-cv-326, 2005 WL 1248876, at *1 (S.D. Tex. Apr. 25, 2005) (adopting magistrate judge's report and recommendation, *sua sponte* dismissing complaint for failure to state a claim); *Jones v. Luthi*, 586 F. Supp. 2d 595, 606 (D.S.C. 2008), *aff'd*, 324 F. App'x 253 (4th Cir. 2009) (concluding *sua sponte* summary judgment recommendation was within the mandates 28 U.S.C. § 636(b)).

all charges filed with one agency are effectively filed on the same date with the other agency. *See Vielma v. Eureka Co.*, 218 F.3d 458, 461 (5th Cir. 2000); *Griffin v. City of Dall.*, 26 F.3d 610, 612 (5th Cir. 1994) ("once the [TWC] received Mr. Griffin's complaint, even if only nominally, proceedings were instituted within the meaning of [42 U.S.C § 2000e-5(e)]"). Therefore, in Texas, any events that accrued more than 300 days before the EEOC charge is filed are time-barred. *See Hernandez v. City of Corpus Christi*, 820 F. Supp. 2d 781, 794 (S.D. Tex. 2011) (Jack, J.) ("As Plaintiff filed her EEOC Charge on September 16, 2008, the 300–day period extends back to November 20, 2007. Any events occurring before this time are barred. Thus, Plaintiff cannot state a claim [in her law suit] for discrimination based upon the April 2007 promotion of Captain Moseley to commander, nor any other events that preceded November 20, 2007.").

Plaintiff has not included the date on which he filed his EEOC charge, but alleges he filed his charge with the EEOC within one hundred eighty days of the adverse acts and filed his complaint within ninety days of receiving the right to sue letter. [Doc 12 ¶10]. Plintiff's EEOC Chare number 460-2015-03855 indicates that he filed his case in 2015. Even if Plaintiff filed his EEOC charge on the earliest date in 2015—January 1, 2015, his Title VII claims must have accrued three hundred days prior, or no later than March 7, 2014.  Plaintiff's claim based on discriminatory termination—which occurred on February 26, 2015— is timely, but his failure to promote claim—which occurred before June 2013[2]—is time-barred.

The TCHRA also requires exhaustion of administrative remedies before filing a civil action. *See Hernandez*, 820 F. Supp. 2d at 793. A charge timely filed with the EEOC will be

---

[2] Plaintiff does not provide the date Stubbs was promoted to the Lead Faculty and Department Chair positions. Plaintiff does allege, however, that "[i]n June 2013 . . . Ms. Stubbs, now Department Chair, and Ms. Caraway, the new Dean, joined efforts to force Plaintiff out of the college." [Doc. 12 ¶ 16]. Therefore, the promotions must have occurred prior to June 2013.

considered timely filed with the TWC. *See Vielma v. Eureka Co.*, 218 F.3d 458, 462–63 (5th Cir. 2000). The TCHRA charge must be brought within 180 days of the date the alleged unlawful employment practice occurred. *Hernandez*, 820 F. Supp. 2d at 793 (citing Tex. Lab. Code Ann. § 21.202). A plaintiff can bring suit within two years of filing the administrative complaint. *Id.* (citing Tex. Lab. Code Ann. § 21.256). Because Plaintiff's termination is the only adverse employment action within 180 days of his charge, any other adverse employment action is time-barred under the TCHRA.

Accordingly, the Title VII and TCHRA claims for discrimination and retaliation based on acts other than termination are time-barred and should be dismissed with prejudice.

### 2. The Two-Year Statute of Limitations Bars All Events Under § 1983 Except the Termination Allegation

Section 1983 creates a private right of action to redress a plaintiff's deprivation of constitutional and statutory rights when defendants' actions were committed "under the color of law." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In a § 1983 suit, a plaintiff must allege a deprivation of a constitutional right or a statutory right. *See Maine v. Thiboutot,* 448 U.S. 1, 3 (1980).

Not all statutory rights are enforceable under § 1983. In particular, § 1983 "is not an available remedy for deprivation of a statutory right when the statute, itself, provides an exclusive remedy for violations of its own terms." *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989). Because Title VII provides the exclusive remedy for its violation, when a plaintiff brings suit under both Title VII and § 1983, his § 1983 claim must allege he was deprived of a right independent of Title VII. *Id.* ("a violation of [Title VII] alone,

will not constitute an underlying statutory violation for purposes of imposing liability under § 1983").

In his complaint, Plaintiff fails to allege which specific constitutional or statutory right he seeks to vindicate through his § 1983 claim. In Plaintiff's response to Defendants' motion to dismiss, however, he alleges that he was deprived of his rights in violation of 42 U.S.C. § 1981, "to make and enforce contracts." [Doc. 15 ¶ 14]. Although a § 1981 violation against public actors must be brought through § 1983, *see Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989) ("the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units"), Plaintiff does not cite to § 1981 in his original and amended complaints, or include language from § 1981.[3]

42 U.S.C. § 1981(a)-(b) states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other . . . [T]he term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

Section 1981 redresses racial discrimination, not gender discrimination. *See Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981) ("no court has held that allegations of gender based discrimination fall within [§ 1981's] purview"); *see also Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) (it is "settled that Section 1981 does not prohibit discrimination on the basis of gender"). Viewing Plaintiff's § 1983 claim as a whole, he has not alleged a

---

[3] Defendants seek dismissal of Plaintiff's § 1981 claim for failing to provide fair notice. [Doc. 16 pg. 2]. Because the Court finds that dismissal is warranted on other grounds, the Court does not address this issue.

deprivation of a § 1981 right because he has not included language from § 1981, or sufficient facts that indicate he is seeking redress under this statute, and has included allegations that, besides race discrimination which is covered under the statute, the discrimination was based on his gender, which is not covered under § 1981. [Docs. 1, 12][4]

Instead, Plaintiff's § 1983 claim that he was discriminated against because of his race and sex appears to be based on the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause overlaps with § 1981 in that it protects against racial discrimination, but it also protects against gender discrimination. *See Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 549-50 (5th Cir. 1997). It provides that:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV § 1. A plaintiff can vindicate these rights under § 1983. *See Southard*, 114 F.3d at 550; *Sylvie v. City of Dall*, No. 3:01-cv-1549, 2002 WL 1155857, at *3 (N.D. Tex. May 29, 2002) (holding that Plaintiff may bring cause of action for racial discrimination against public employer as an equal protection violation).

Section 1983 does not have its own statute of limitations period. *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008). The courts apply the state's personal injury statute of limitations in § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 277 (1985). Texas's statute of

---

[4] In 1990, "Congress enacted a catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371, 381 (2004) (citing 28 U.S.C. § 1658). Thus, the statute of limitations for a § 1981 claim falls under the four year catch-all provision if the claim "was made possible" after 1990. *See Rothrock v. Gorman*, No. 3:12-cv-241, 2013 WL 3461913, at *4 (S.D. Tex. July 1, 2013) (Costa, J.) (collecting cases). In 1991, Congress amended § 1981 to allow claims alleging discrimination during the term of employment. *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 339 (5th Cir. 2003). Accordingly, the four-year limitations period would apply because the facts allegedly giving rise to Plaintiff's claims occurred during his employment. To the extent Plaintiff amends his complaint, he may allege claims under this provision that may not be time-barred.

9

limitations for personal injury cases is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003.[5] Accordingly, the two-year statute of limitations period applies to Plaintiff's § 1983 claim based on the Equal Protection Clause.

To survive limitations, Plaintiff's cause of action must have accrued within two years of filing suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. A discrimination cause of action accrues, and the two-year window begins, "when the employee learns of the adverse action taken by the employer." *Henderson v. AT&T*, 933 F. Supp. 1326, 1333 (S.D. Tex. 1996) (Kent, J.). Plaintiff filed suit on June 10, 2016; therefore, his cause of action must have accrued on or after June 10, 2014, two years prior to filing. [Doc. 1]. Plaintiff was terminated on February 26, 2015; therefore his termination claim arose after June 10, 2014 and is within the limitations period. However, Plaintiff's claim that he was not promoted occurred before June 2013[6] is time-barred because it occurred before June 10, 2014.[7]

Accordingly, the Individual Defendants' motion to dismiss based on the statute of limitations as to Plaintiff's § 1983 claim should be denied as to his termination, but should be granted as to Plaintiff's failure to be promoted, which should be dismissed with prejudice.

---

[5] Although, in 1990, "Congress enacted a catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990," actions that were available to a plaintiff before 1990 continue to use the two-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371, 381 (2004) (citing 28 U.S.C. § 1658); *see Waters v. City of Hearne, Tex.*, 629 F. App'x 606, 609 (5th Cir. 2015) (recognizing two-year statute of limitations for Fourth Amendment violation); *Whitt*, 529 F.3d at 282 (applying two-year statute of limitations to due process and Eighth Amendment violations). An equal protection violation has a two-year statute of limitations period because it was possible to bring suit alleging such a violation prior to 1990. *Garrett v. Thaler*, 560 F. App'x 375, 383 (5th Cir. 2014) (noting that the four-year catch-all statute does not apply to violations of equal protection).

[6] *See supra* fn. 2.

[7] Defendants argue that Plaintiff's termination is not an adverse employment action, even if it occurred after June 10, 2014, because he was not replaced by someone outside his protected class. [Doc. 14 pg. 5]. However, his termination is an adverse employment action if he can show that "other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). Plaintiff has failed to include facts establishing this element of the *prima facie* case. *See infra* at pgs. 13-17.

**B. Plaintiff's Title VII and TCHRA Claims Against the Individual Defendants Should Be Dismissed**

The Individual Defendants assert that it would be duplicative for Plaintiff to sue *both* Lone Star *and* the Individual Defendants in their official capacities for discrimination and retaliation. Plaintiff asserts claims under Title VII and the TCHRA, for discrimination as well as retaliation; however, he does not assert both claims against all of the Defendants. [Doc. 14 pg. 3].[8] Plaintiff alleges *discrimination* against the Individual Defendants in their official capacities, but does not assert this claim against Lone Star. *See* [Doc. 12 ¶¶ 27-38]. Plaintiff alleges *retaliation* against both Lone Star and the Individual Defendants in their official capacities. [Doc. 12 ¶¶ 39-44]. Nonetheless, Plaintiff may not sue the Individual Defendants under either statute.

Under Title VII, it is

> an unlawful employment practice for **an employer** . . . to discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . [or] sex.

42 U.S.C. § 2000e-2(a)(1) (emphasis added).

Title VII's anti-retaliation provision makes it

> an unlawful employment practice for **an employer** to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter.

42 U.S.C. § 2000e–3(a) (emphasis added). Because the Texas Supreme Court has ruled that the TCHRA "is substantively identical to its federal equivalent in Title VII," *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 475 (Tex. 2001), federal courts have interpreted it in a manner consistent with federal laws that prohibit employment discrimination and retaliation claims under

---

[8] The Individual Defendants also argue that they cannot be liable in their individual capacity as supervisors and managers under Title VII and the TCHRA. [Doc. 14 pg. 3]. This argument is moot because Plaintiff amended his complaint to remove the claims against the Individual Defendants in their individual capacity under Title VII and the TCHRA. [Doc. 12 ¶¶ 35, 43].

Title VII. *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 595 (S.D. Tex. 2012) (Ellison, J.) (discrimination claim); *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 554 (S.D. Tex. 1999) (Crone, J.) (retaliation claim).

### 1. Individual employees may not be sued under Title VII or the TCHRA

Under both Title VII and the TCHRA, an individual employee may not be sued, regardless of whether it is in her individual or official capacity. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (district court properly dismissed the claims against the individual employees in their individual and official capacity) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)); *Chhim v. Univ. of Houston-Clear Lake*, No. 15-cv-1272, 2015 WL 7430885, at *3 (S.D. Tex. Nov. 20, 2015) (Atlas, J.) (dismissing Title VII claims against individual employees in their official capacity); *Elizondo v. Nueces Cnty., Tex.*, No. CC:07-cv-405, 2008 WL 383809, at *1 (S.D. Tex. Feb. 8, 2008) (Head, J.) ("The Fifth Circuit has held that individuals cannot be liable under Title VII, the ADEA or the TCHRA."); *see also Williamson v. Am. Nat. Ins. Co.*, 695 F. Supp. 2d 431, 440 n.7 (S.D. Tex. 2010) (Harmon, J.) (individuals do not meet the Title VII definition of an "employer").

Accordingly, the Plaintiff's Title VII and TCHRA claims against the Individual Defendants should be dismissed with prejudice.

### 2. Lone Star should be substituted as Defendant on the Title VII and TCHRA discrimination claims

By asserting his Title VII and TCHRA discrimination claims against the Individual Defendants in their official capacities, Plaintiff in effect sues Lone Star. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("a Title VII suit against an employee is actually a suit against the corporation"); *Lloyd v. Birkman*, 127 F. Supp. 3d 725, 745 (W.D. Tex. 2015) (recognizing that Title VII and TCHRA claims against individual defendants in their

official capacities are against the county-defendant). When a plaintiff names a defendant in his or her official capacity, the entity for which the defendant is working is responsible for damages, not the individual defendant. *See Shoecraft v. Univ. of Houston-Victoria*, No. V:03-cv-85, 2006 WL 870432, at *4 (S.D. Tex. Mar. 28, 2006) (Rainey, J.) (finding that the university "would bear responsibility for the liability of the individually named defendants through Title-VII's incorporation of the principle of *respondeat superior*"). Because Plaintiff improperly asserted his discrimination claim against the Individual Defendants in their official capacity, but not Lone Star, Lone Star should be substituted for the Individual Defendants. *See Ciancio v. Gorski*, No. 98-cv-0714, 1999 WL 222603, at *1 (W.D.N.Y. Apr. 14, 1999) (*sua sponte* substituting county-defendant for individual employees sued in their official capacity under Title VII).[9]

Therefore, Lone Star should be substituted for the Individual Defendants on Plaintiff's discrimination claim under Title VII and the TCHRA.

### C. Plaintiff has Failed to Adequately Plead His Title VII, TCHRA, and § 1983 Claims for Discrimination and Retaliation

Although none of the Defendants have moved to dismiss on the basis that Plaintiff failed to adequately plead his claims under Title VII, the TCHRA, or § 1983 the Court *sua sponte* analyzes this issue. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007).[10]

---

[9] "Rule 21 permits parties to be "dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *Oliva v. Chrysler Corp.*, 978 F. Supp. 685, 688 (S.D. Tex. 1997) (Gilmore, J.) (noting that a goal of this rule was "to promote the liberal joinder of parties and to enable courts to determine an action on the merits whenever such a disposition could be obtained without prejudice to the parties"); *see also Alexander v. C.R. Bard, Inc.*, No. 3:12-cv-5187, 2014 WL 12602871, at *8 (N.D. Tex. Feb. 26, 2014) (substituting trustee for plaintiff because it was the real party in interest).

[10] The Individual Defendants have asserted that Plaintiff failed to meet the heightened pleading requirement for his § 1983 claims that was required once they raised qualified immunity as a defense. To the extent not otherwise addressed in this section, this issue is addressed *infra* in Section D.

**1. A *prima facie* showing requires an adverse employment action and discriminatory intent**

A discrimination claim requires a plaintiff to make a prima facie showing that he

> (1) is a member of a protected class;
>
> (2) was qualified for the position;
>
> (3) was subject to an adverse employment action[11]; and
>
> (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, was treated less favorably that other similarly situated employees.

*Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). The same *prima facie* requirement applies to discrimination claims under Title VII, the TCHRA, and § 1983. *See Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 554 (5th Cir. 1997) (using same elements of Title VII in an equal protection cause of action under § 1983); *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("To succeed on a claim of intentional discrimination under Title VII, Section 1983, or Section 1981, a plaintiff must first prove a prima facie case of discrimination.").

A prima facie retaliation claim requires a plaintiff to establish that:

> (1) he engaged in activity protected under Title VII;

---

[11] Plaintiff has alleged many events, but only two are considered adverse employment actions: his termination and Lone Star's failure to promote him. The fact that Plaintiff did not receive a preferential teaching assignment and that Caraway did not help him improve his performance are not adverse employment actions. *See Coffman v. Alvin Cmty. Coll.*, No. G-11-cv-361, 2015 WL 1548953, at *4 (S.D. Tex. Apr. 7, 2015) (Froeschner, J.), *aff'd*, 642 F. App'x 472 (5th Cir. 2016) (citing *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000)) ("In the context of education, the Fifth Circuit has reiterated that decisions concerning teaching assignments, pay increases, administrative matters, and departmental procedures, while extremely important to the person who dedicated his or her life to teaching, do not rise to the level of a constitutional deprivation."). Similarly, Caraway's false accusation of misconduct, negative evaluation, and criticism are also not adverse employment actions. *See Molina v. McHugh,* No. 2:12-cv-280, 2013 WL 4012631, at *3 (S.D. Tex. Aug. 5, 2013) ("Given the narrow view of what constitutes an adverse employment action, this court has held that the following are not adverse employment actions: mere accusations or criticism . . . [and] false accusations . . . .") (quoting *Breaux*, 205 F.3d at 157–58); *Julian v. City of Hous.*, No. 4:12-cv-2973, 2014 WL 3795580, at *23 (S.D. Tex. July 31, 2014) (Ellison, J.), *aff'd*, 618 F. App'x 211 (5th Cir. 2015) ("the Fifth Circuit has determined that negative performance ratings are not adverse employment decisions"). Likewise, placing the Plaintiff on a PIP is not an adverse employment action. *See Stewart v. Mo. Pac. R. Co.*, 121 F. App'x 558, 562 (5th Cir. 2005); *Edmond v. Fujitsu–ICL Sys., Inc.*, No. 3:95-cv-2548, 1997 WL 118406, at *6 (N.D. Tex. Mar. 5, 1997). Nonetheless, only discrimination and retaliation claims based on his termination are not time-barred.

(2) he was subject to an adverse employment action; and

(3) there was a causal connection between the participation in the protected activity and the adverse employment decision.

*Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407-08 (5th Cir. 1999).

To survive a Rule 12(b)(6) motion, the plaintiff must have pled "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 545). The prima facie elements may be helpful in determining whether the plaintiff satisfied the *Iqbal* plausibility standard. *Haskett v. Cont'l Land Res., LLC.*, No. 15-cv-40595, 2016 WL 4446075, at *1 (5th Cir. Aug. 23, 2016) (citing *Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013)).

Thus, the Court must determine whether Plaintiff has sufficiently pled facts showing that Defendants took an adverse employment action against him, i.e. termination, because of his protected status as an African-American male, or retaliated against him, i.e. termination, for complaining of alleged discrimination. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) ("the ultimate question [on a motion to dismiss] in a Title VII disparate treatment claim remains whether a defendant took the adverse employment action against a plaintiff because of her protected status").

### 2. Plaintiff has not adequately pled that his termination was done with discriminatory intent

Plaintiff must offer more than "labels and conclusions" that he was discriminated against based on his race and gender. *See* Bowlby *v. City of Aberdeen, Miss.*, 681 F.3d 215, 227 (5th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). For example, in *Bowlby*, the court found insufficient the following allegations of intentional discrimination:

Plaintiff is a white person. The Defendants have not closed any business

15

> of a black person or alleged failure to comply with laws and regulations even though such non-compliance with laws and regulations by black businesses exist.

*Id.* (affirming dismissal). Similarly, in *Raj*, the court found insufficient the following allegations:

> Raj alleges that, despite LSU rules and procedures, his performance was measured not by his accomplishments but by the amount of grant money that he obtained or failed to obtain; the chair of the department . . . began harassing Raj regarding the issue . . . [and then] asked Raj to write a letter of retirement [] although Raj had not expressed a wish to retire; the dean of LSU medical school ordered that Raj's laboratory would be closed . . . [and then] assigned Raj to work for an assistant professor; and his salary is below that of all associate professors in the basic science department.

714 F.3d at 326 (affirming district court's granting of a 12(b)(6) motion). The court concluded that these allegations amounted to nothing more than speculation, and did not include any facts that would suggest the defendant's actions were based on plaintiff's race or national origin, or that it treated similarly situated employees of other races or national origin more favorably. *Id.* at 331.

Likewise, here Plaintiff has not pled that the action taken against him was done with discriminatory intent. Plaintiff alleged that he was terminated based on his race and sex. [Doc. 12 ¶¶ 33, 34, 40, 54, 55]. Plaintiff also alleges he was terminated because he complained of discrimination. [Doc. 12 ¶¶ 33, 34, 40, 54, 55]. Such conclusory allegations may show that he personally believes that these actions were based on Defendants' intent to discriminate against him, but are not sufficient to plead a *prima facie* case of either discrimination or retaliation. *See Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 553 (S.D. Tex. 1999) (Crone, J.), *aff'd*, 224 F.3d 765 (5th Cir. 2000) ("an employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief"). As in *Raj,* Plaintiff's allegations amount to nothing more than speculation that Defendants terminated him because of his race and gender, or retaliated against him because of his complaint of discrimination. Plaintiff also failed to plead

any facts that show similarly situated employees were treated more favorably. [Doc. 12 ¶ 22].

Accordingly, Plaintiff's discrimination and retaliation claims under Title VII and the TCHRA, and his discrimination claim under § 1983 based on his termination should be dismissed without prejudice.[12]

### 3. Plaintiff has not sufficiently pled retaliation because he has not alleged that the termination was casually connected to his discrimination complaint

Plaintiff alleges that he was terminated in retaliation for complaining of discrimination. [Doc. 12 ¶ 40]. Filing a complaint of racial and gender discrimination with his employer is a protected activity. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) ("Under Title VII, an employee has engaged in protected activity if she has opposed any practice made an unlawful employment practice under 42 U.S.C. § 2000e–3(a)."). The only question is whether the two are causally connected.

To allege a prima facie retaliation claim, a plaintiff must establish that his protected activity "was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2523, 2534 (2013) (distinguishing retaliation claims from discrimination claims where a plaintiff must show only that one of the employer's motives was to discriminate against plaintiff). A plaintiff must show more than an employer's "mere knowledge" of the protected activity. *Watson v. Tex. Youth Comm'n*, 269 F. App'x 498, 502 (5th Cir. 2008). As with a discrimination claim, a plaintiff cannot rely on his subjective belief that he was retaliated against to sufficiently allege causation. *See Pennington v. Tex. Dep't of Family & Protective Servs.*, 469 F. App'x 332, 339 (5th Cir. 2012) (citing *Sherrod v. Sears, Roebuck & Co.*, 785 F.2d 1312, 1316 (5th Cir.1986)). In determining whether a causal connection exists, a

---

[12] Plaintiff also failed to adequately plead that Lone Star failed to promote him. In a failure to promote claim, a plaintiff must apply for the disputed promotion or show that applying for the position would have been futile. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999). Plaintiff has failed to plead either. Because that claim is time-barred, the Court will not address it further.

court may consider "(1) the plaintiff's past disciplinary record, (2) whether the employer followed its typical policies and procedures when taking adverse action against the employee, and (3) the temporal relationship between the employee's conduct and the adverse act." *Eugene v. Rumsfeld*, 168 F. Supp. 2d 655, 682 (S.D. Tex. 2001) (Crone, J.) (citing *Nowlin v. RTC*, 33 F.3d 498, 507-08 (5th Cir.1994)).

Plaintiff has not pled facts to show that his complaint of discrimination was casually connected to his termination, except to the extent he pled facts regarding timing. *See Williamson v. Am. Nat. Ins. Co.*, 695 F. Supp. 2d 431, 451 (S.D. Tex. 2010) (Harmon, J.) (finding sufficient retaliation claim when the employer's learning of the protected activity and the adverse employment action were "suspiciously proximate" to one another) (citing *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 418 n.9 (5th Cir. 2003)); *see also Everett v. Cent. Miss., Inc. Head Start Program*, 444 F. App'x 38, 47 (5th Cir. 2011) (five months period between EEOC charge and termination "is not the kind of 'very close' temporal proximity that has been recognized as providing sufficient evidence of causality, in and of itself, to establish a prima facie case of retaliation"); *Matthews v. High Island Indep. Sch. Dist.*, 991 F. Supp. 840, 846 (S.D. Tex. 1998) (Kent, J.) (finding just over two months between the grievance and the adverse employment action sufficient to defeat a motion to dismiss).

Plaintiff failed to allege the date on which he filed a complaint of discrimination, but reading the allegations sequentially, his complaint of discrimination occurred before March 2014. [Doc. 12 ¶¶ 22-23]. Plaintiff alleges he was terminated on February 26, 2015, at least a year after he filed his complaint of discrimination. [Doc. 12 ¶¶ 22-23, 25]. This is not the kind of "very close" temporal proximity sufficient to establish a prima facie case of retaliation. *See Everett*, 444 F. App'x at 47.

Accordingly, the Plaintiff's retaliation claims under Title VII and the TCHRA should be dismissed without prejudice.

### D. Plaintiff Has Failed to Meet the Heightened Standard in His § 1983 Claim to Defeat Qualified Immunity

Qualified immunity is an affirmative defense available to public officials sued under § 1983. *Jackson v. City of Atlanta, Tex.*, 73 F.3d 60, 63 (5th Cir. 1996).[13] The Individual Defendants argue that Plaintiff has failed to allege facts to overcome their qualified immunity defense for four reasons: first, Plaintiff has failed to allege a violation of a constitutional right; second, Plaintiff has not alleged specific facts showing that their behavior was driven by racial or gender-motivated animus; third, Plaintiff has failed to articulate specific facts showing that Head, Persson, and Riley were personally involved in the conduct that deprived Plaintiff's constitutional rights; and fourth, Plaintiff has not alleged that Caraway committed any conduct that clearly violates his constitutional right. [Doc. 14 pg. 7-11]. Because the Court has already found Plaintiff alleged a constitutional violation[14] but failed to allege a prima facie case of

---

[13] "Qualified immunity is in part an entitlement not to be forced to litigate the consequences of official conduct." *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and *Mitchell v. Forsyth*, 472 U.S. 511 (1985)). Thus, courts should resolve the immunity issue at the "earliest possible stage of the litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1990); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc). Deciding qualified immunity on a motion to dismiss is not too early. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("the point of qualified immunity [is] to protect public officials from expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made").

[14] In deciding whether an official is entitled to qualified immunity, the court determines "whether the plaintiff has asserted a violation of a constitutional right using currently applicable constitutional standards," *see Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)), and whether that constitutional right was "clearly established" at the time of the violation, *Lytle v. Bexar Cnty.*, 560 F.3d 404, 409 (5th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). This Court already determined that Plaintiff alleged a violation of the Equal Protection Clause. *See supra* at pg. 9. "[C]onstitutional prohibitions against race and [sex] discrimination are so clearly established that a reasonable person would be aware of these rights." *Martinez v. Val Verde Cnty. Hosp.*, 46 F.3d 66, 1995 WL 29271, at *1 (5th Cir. 1995); *see also Berrigan v. La. Dep't of Health & Human Servs.*, No. 97-cv-0210, 1998 WL 2359, at *4 (E.D. La. Jan. 5, 1998) ("Freedom from racial discrimination in employment is clearly an established statutory and constitutional right which reasonable individuals should know."). Therefore, the Individual Defendants' first argument is without merit.

discrimination or retaliation,[15] the sole remaining question for the Individual Defendants' qualified immunity defense is whether Plaintiff has adequately pled facts to support his allegations against Head, Perrson, and Riley.

### 1. Qualified immunity defense heightens pleading standard

The plaintiff is held to a heightened pleading standard that requires specific and particularized facts to support his allegations that the defendants violated his rights. *See Wicks*, 41 F.3d at 995. "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)); *Wicks*, 41 F.3d at 996 (finding that complaint is devoid of the required detail and that the plaintiff has failed to state racial discrimination claim to overcome the defense of qualified immunity). The conduct of each individual defendant is analyzed separately. *See Kitchen v. Dall. Cnty., Tex.*, 759 F.3d 468, 480 (5th Cir. 2014) (analyzing each individual officer's liability).[16]

---

[15] To overcome the heightened pleading requirement, a plaintiff must allege specific instances of discriminatory conduct by each individual defendant that would support an inference of discriminatory intent. *See Burge v. Stalder*, No. 01-cv-31484, 2002 WL 31845179, *2-3 (5th Cir. 2002). In a disparate treatment claim, a plaintiff must allege specific facts with enough particularity to show how others were similarly situated to him and how they were treated differently. *See Bowlby*, 681 F.3d at 227 (5th Cir. 2012); *accord Sakla v. City of New Orleans*, 216 F.3d 1079 (5th Cir. 2000). The Court has already determined that Plaintiff failed to establish a *prima facie* case, specifically failing to allege facts to show that the Defendants' conduct was based on racial or gender animus, or how others similarly situated were treated. *See supra* at C. Thus, Plaintiff's pleading is insufficient under the heightened pleading standard for the qualified immunity defense. Accordingly, Plaintiff has failed to plead sufficient facts to show Carraway's discriminatory intent.

[16] Plaintiff incorrectly argues that he is not required to meet this heightened standard at the motion to dismiss stage. [Doc. 15 ¶ 28-29]. Although Plaintiff does not have to anticipate qualified immunity in pleading his complaint, when defendants assert the defense of qualified immunity, a plaintiff must still meet the heightened pleading standard—whether through an amended complaint, reply to a motion to dismiss, or reply to an answer. *See Morgan v. Hubert*, 335 F. App'x 466, 469 (5th Cir. 2009) ("We apply [in a motion to dismiss] the heightened pleading standard announced in *Schultea v. Wood*.").

### 2. Plaintiff failed to plead how Head, Persson, and Riley were personally involved in his termination

Head, Persson, and Riley argue that Plaintiff has not shown that each one of them was involved in the deprivation of his Constitutional rights or deliberately indifferent to known violations. [Doc. 14 pgs. 10-11]. Plaintiff alleges that:

> ¶ 17: Plaintiff was not given a psychology teaching assignment for the spring 2014 semester despite the fact that he had previously agreed with Dr. Riley that a portion of his teaching load would include psychology.

> ¶ 22: Plaintiff complained to H.R. representatives, Dr. Persson and Dr. Riley, and requested an investigation commence into his charges. Following his complaints, Lone Star attorneys interviewed him and within weeks his allegations were summarily dismissed.

> ¶ 40: Defendant Caraway reprimanded Plaintiff, placed him on a Performance Improvement Plan, verbally harassed him and with the support of Head, Persson and Riley, ultimately terminated him following his complaints of discrimination. Defendants Persson and Riley sustained, supported, reinforced and helped to instigate Plaintiff's termination.

[Doc. 12].

Plaintiff has failed to plead that Head, Persson, and Riley were personally involved in the deprivation of his equal protection right. Defendant offers no facts as to each of their involvement in his termination. Plaintiff only vaguely asserts that all three Defendants supported Caraway in her harassment and termination of Plaintiff. This lack of particularity and specificity does not meet the heightened standard to defeat qualified immunity. *E.g., Wicks*, 41 F.3d at 996.

Further, Plaintiff has not pled supervisory liability because he has not shown that Defendants were deliberately indifferent to their obligations to supervise. "A supervisor cannot be held liable under Section 1983 on the basis of *respondeat superior*." *Southard*, 114 F.3d at

---

The trend in this district is to allow amendment when the defendant raises qualified immunity in its motion to dismiss, but has not yet filed an answer. *See, e.g., Carter v. Diamond URS Huntsville*, LLC, 175 F. Supp. 3d 711, 747 (S.D. Tex. 2016) (Harmon, J.); *Olvera*, 2010 WL 4962964, at *10 (S.D. Tex. Dec. 1, 2010) (Ellison, J.); *Greenwood v. City of Yoakum*, No. V:07-cv-78, 2008 WL 1858902, at *7 (S.D. Tex. Apr. 24, 2008) (Rainey, J.); *Lowrey v. Tex. A&M Univ. Sys.*, 11 F. Supp. 2d 895, 915 (S.D. Tex. 1998) (Lake, J.); *Callis v. Sellars*, 931 F. Supp. 504, 523 (S.D. Tex. 1996) (Atlas, J.).

550 (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 n. 58 (1978)). "[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor." *Id.* A plaintiff must show that the supervisor "affirmatively participate[d] in acts that cause[d] constitutional deprivation or implement[ed] unconstitutional policies that causally result in plaintiff's injury." *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996) (citing *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992)). Alternatively, a plaintiff can prove supervisory liability by showing inaction in the face of the supervisor's obligation to supervise or train and that inaction amounted to a deliberate indifference. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (recognizing that "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action").

Plaintiff has not pled any facts sufficient to establish that these three Defendants participated in the constitutional deprivation, or that their inaction amounted to deliberate indifference. Therefore, Head, Persson, and Riley's motion to dismiss should be granted because Plaintiff has not adequately pled how they were personally involved in the discrimination.

## IV.     CONCLUSION

The Court *sua sponte* **RECOMMENDS**, as follows:

1. Plaintiff's claims against all Defendants under Title VII, the TCHRA, and § 1983 for a Constitutional Equal Protection Clause violation based on acts other than termination should be **DISMISSED WITH PREJUDICE** as time-barred.

2. Plaintiff's Title VII, TCHRA, and § 1983 claims against all Defendants based on termination should be **DISMISSED WITHOUT PREJUDICE** for failure to sufficiently allege a prima facie case.

The Court further **RECOMMENDS** that the Individual Defendants' motion to dismiss be **GRANTED**, as follows:

1. Plaintiff's Title VII and TCHRA claims against the Individual Defendants should be **DISMISSED WITH PREJUDICE** because an employee cannot be sued under these statutes.

2. Lone Star should be **SUBSTITUTED** as the Defendant for Plaintiff's Title VII and TCHRA discrimination claims.

3. Plaintiff's § 1983 claims against Head, Persson, and Riley should be **DISMISSED WITHOUT PREJUDICE** for failure to sufficiently allege their individual involvement in the deprivation of his rights.

The Court further **RECOMMENDS** that the Plaintiff be allowed to amend his complaint to re-plead his claims consistent with the rulings of the Court.

The Court **ORDERS** that Plaintiff's untimely request for leave to file his sur-reply is **DENIED** and the sur-reply, which contains no new arguments or information, is **STRICKEN** from the record.

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

DATE: February 14, 2017

_Dena Palermo_

_____

**DENA HANOVICE PALERMO**
**UNITED STATES MAGISTRATE JUDGE**

23