United States District Court
Southern District of Texas
**ENTERED**
March 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL CAREY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1638 |
| | § | |
| LONE STAR COLLEGE SYSTEM, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendants Stephen Head, Shelley Caraway, Katherine Persson, and Rebecca Riley (collectively, "the Individual Defendants") in this employment discrimination case. (Doc. No. 14.) Carl Carey ("Plaintiff") alleges gender and race discrimination, as well as retaliation, against his former employer, Lone Star College System ("Lone Star"), and four of its employees, the Individual Defendants. (Doc. No. 12.)

On February 14, 2017, United States Magistrate Judge Dena Hanovice Palermo issued a Report and Recommendation ("R & R") containing several recommendations. First, Judge Palermo recommended that the Individual Defendants' motion be granted, specifically that: Plaintiff's Title VII and Texas Commission on Human Rights Act ("TCHRA") claims against the Individual Defendants be dismissed with prejudice, that Lone Star be substituted as the Defendant for Plaintiff's Title VII and TCHRA claims, and that Plaintiff's 42 U.S.C. §1983 claims against Head, Persson, and Riley be dismissed without prejudice for failure to sufficiently allege their involvement in the deprivation of his rights. Second, Judge Palermo recommended, upon sua sponte analysis, that Plaintiff's claims against all Defendants under Title VII, the

1

TCHRA, and §1983 based on acts other than termination should be dismissed with prejudice as time-barred. Third, Judge Palermo recommended, upon sua sponte analysis, that Plaintiff's claims based on his termination be dismissed without prejudice as to all Defendants for "failure to sufficiently allege a prima facie case." (Doc. No. 25 at 22.) Finally, Judge Palermo recommended that Plaintiff be granted leave to amend his complaint to re-plead his claims consistent with the above rulings. Judge Palermo also denied Plaintiff's untimely request for leave to file a sur-reply and struck the sur-reply from the record. (*Id.* at 22-23.)

Plaintiff filed his objections on February 28, 2017. (Doc. No. 26.) Defendants filed a response on March 15, 2017. (Doc. No. 31.) Plaintiff objected only to Judge Palermo's recommendation that his claims based on his termination be dismissed without prejudice for failure to establish a prima facie case of discrimination. Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed for clear error the portions of the Report and Recommendation to which Plaintiff did not object. Finding no clear error, the Court adopts those portions of the Report and Recommendation.

As required by 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the portion of the R & R to which Plaintiff objected. Upon de novo review, the Court finds that Judge Palermo used a heightened pleading standard when analyzing Plaintiff's complaint, requiring Plaintiff to "sufficiently allege a prima facie case" at the motion to dismiss stage. (Doc. No. 25 at 22; s*ee also id.* at 16, finding that Plaintiff's allegations "are not sufficient to plead a *prima facie* case of either discrimination or retaliation.") Judge Palermo looked to the *McDonnell Douglas* burden shifting framework, used in discrimination cases, in reaching her conclusion. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). But the Supreme Court "has never

2

indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). Instead, the Supreme Court has held that a complaint alleging employment discrimination need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 512 (quoting Fed. R. Civ. Pro. 8(a)(2)). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (internal quotations and citations omitted).

In *Swierkiewicz*, the Supreme Court found that the petitioner had stated a claim on which relief could be granted, because the petition "gives respondent fair notice of the basis for petitioner's claims":

> Petitioner alleged that he had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADEA. His complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination.

*Id.* at 515. Similarly, in this case, Plaintiff's First Amended Complaint alleged that he had been terminated on account of his race in violation of Title VII and TCHRA, and as retaliation for reporting this discrimination in violation of Title VII. Plaintiff stated that he was an African-American male who was employed as an Assistant Professor of Education at the Kingwood Campus of Lone Star. (Doc. No. 12 ¶ 11-12.) He further stated that he was qualified for his position and had "continually received excellent evaluations from students and had no reported issues with colleagues or with his supervisors." (*Id.* at ¶ 12.)

Plaintiff then detailed events leading up to his termination, such as several meetings with

3

school administrators in which the administrators falsely accused Plaintiff of misconduct and threatened his job.[1] (*Id.* at ¶ 20-21.) Plaintiff described reporting this treatment to the Human Resources Department, and claimed that his allegations were summarily discharged as without merit. (*Id.* at ¶ 22.) He provided the names and races of the individuals involved with his termination, and alleged that he was treated differently than similarly-situated white, female employees. (*Id.* at ¶¶ 16, 22.) Finally, Plaintiff's complaint described being terminated in the middle of the semester and being escorted off campus by police. (*Id.* at ¶ 25.)

Accepting all allegations as true, as required at the motion to dismiss stage (*Swierkiewicz*, 534 U.S. at 508 n. 1), the Complaint sufficiently places Defendants on notice as to the claims against them and the basis for relief. Accordingly, the Court does not adopt the recommendation to dismiss, sua sponte, Plaintiff's Title VII, TCHRA, and §1983 claims against all Defendants based on Plaintiff's termination.

In conclusion, the Court **ADOPTS** the R & R's recommendation to: (1) **DISMISS WITH PREJUDICE** Plaintiff's Title VII, TCHRA, and §1983 claims against all Defendants based on acts other than termination; (2) **DISMISS WITH PREJUDICE** Plaintiff's Title VII and TCHRA claims; (3) **SUBSTITUTE** Lone Star as the Defendant for Plaintiff's Title VII and TCHRA claims; (4) **DISMISS WITHOUT PREJUDICE** Plaintiff's §1983 claims against Head, Persson, and Riley; (5) allow Plaintiff to re-plead his claims consistent with these rulings. The Court **DOES NOT ADOPT** the R & R's recommendation to dismiss without prejudice

---

[1] Judge Palermo indicates in the R&R that "Caraway's false accusation of misconduct, negative evaluation, and criticism are…not adverse employment actions." (Doc. No. 25 at 14 n.11.) This is correct. However, these actions may be considered as evidence of "treat[ment] less favorabl[e] than similarly situated employees," or of a "causal connection between the protected activity and the adverse employment decision." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407-08 (5th Cir. 1999).

Plaintiff's Title VII, TCHRA, and §1983 claims based on his termination. Those claims remain.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 16th day of March, 2017.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE